UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Terry Nali and William Grimm, as Trustees of the Twin City Floor Covering Industry Pension Fund, Twin City Floor Covering Industry Fringe Benefit Trust Fund, and each of their successors,<br><br>Plaintiffs,<br><br>vs.<br><br>MaxPro Flooring, LLC and Clint Johnson, individually,<br><br>Defendants. | Civil File No. 09-cv-03625 (MJD/JJK)<br><br>**FINDINGS OF FACT<br>CONCLUSIONS LAW AND<br>ORDER FOR DEFAULT<br>JUDGMENT AND INJUNCTION** |

This matter was heard before the undersigned on December 17, 2010. Michael P. Eldridge of McGrann Shea Carnival Straughn & Lamb, Chartered, appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of the Defendants.

**FINDINGS OF FACT**

1. The Plaintiffs filed the Summons and Complaint in this matter on December 18, 2009. The Defendants were served with the Summons and Complaint on April 13, 2010.

2. The Defendants failed to file and serve a response or Answer to the Summons and Complaint.

3. The Clerk entered default on May 6, 2010.

4. The Plaintiffs are the Trustees and fiduciaries of the Twin City Floor Covering Industry Pension Fund and the Twin City Floor Covering Industry Fringe Benefit Trust Fund ("Funds"). The Funds are multi-employer jointly-trusteed fringe

1

benefit plans created and maintained pursuant to provisions of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. § 1001, et seq. ("ERISA").

5. At all times material herein, Defendant MaxPro Flooring, LLC ("MaxPro Flooring") accepted and agreed to be bound to the terms of a Collective Bargaining Agreement ("Bargaining Agreement") with the Carpet, Linoleum, Resilient Tile Layers Local #596 of the Lakes and Plains Regional Council of Carpenters and Joiners.

6. Defendant Clint Johnson ("Johnson") agreed to be personally bound to the terms of the Collective Bargaining Agreement.

7. The Collective Bargaining Agreement requires MaxPro and Johnson to submit monthly contributions to the Funds in an amount set forth in the Collective Bargaining Agreement for each hour worked by its employees covered by the Collective Bargaining Agreement.

8. The Collective Bargaining Agreement states that monthly contributions are due on the first day and must be remitted to the Funds' administrator by the tenth day of the month following the month worked.

9. The Collective Bargaining Agreement states that an employer is considered delinquent after the tenth day of the month and that a penalty of $10.00 or ten percent of the amount due, whichever is greater shall be assessed on the twenty-first day of the month for any such delinquency.

10. The Collective Bargaining Agreement states that the Funds shall have the authority to audit the payroll books and records of MaxPro and Johnson through an authorized representative, whenever such an examination is deemed necessary and

that MaxPro and Johnson shall make their books and records available to the Funds for such purpose.

11. The Funds' auditor requested that MaxPro and Johnson produce a complete set of MaxPro's payroll books and records for months of May 2009 through the present ("Audit Period").

12. After the filing of the Complaint, MaxPro and Johnson produced certain bank statements and copies of some cancelled checks but breached the terms of the Collective Bargaining Agreement by failing to produce the remaining records requested by the Funds' auditor for the Audit Period.

13. The Funds reasonably believe that MaxPro and Johnson employed individuals during the requested Audit Period for which contributions may be due and owing.

14. Until the audit is completed, the Funds have no means of verifying the proper amounts due and owing to them nor do the Funds have adequate means of ascertaining the proper allocation of such contributions to the MaxPro and Johnson's employees.

15. The Collective Bargaining Agreement states that in the event the audit shows a discrepancy of more than five percent, the cost of the audit shall be borne by MaxPro and Johnson.

16. The Collective Bargaining Agreement, as well as the relevant statute, requires MaxPro and Johnson to pay all reasonable legal costs incurred by the Funds to collect delinquent contributions.

## **CONCLUSIONS OF LAW**

1. MaxPro and Johnson are in default and the Funds are entitled to a default judgment.

2. MaxPro and Johnson breached the terms of the Collective Bargaining Agreement by failing to submit a complete set of their records are requested by the Funds' auditor for the Audit Period.

3. MaxPro and Johnson are liable for all fringe fund contributions and liquidated damages due and owing pursuant to the audit.

4. MaxPro and Johnson are liable for the Plaintiffs for audit fees and reasonable attorneys' fees and costs.

## **ORDER**

Based on the foregoing, and on all the files, records, and proceedings, herein, IT IS ORDERED THAT:

1. The Plaintiffs' Motion for Default Judgment and Injunction [Docket No. 8] is **GRANTED**.

2. The Defendant are ORDERED to submit a complete set of MaxPro's payroll books and records for the period of May 2009 through the present.

3. The Defendants must submit the required records to the Plaintiffs' auditor, Zenith Administrators, 2520 Pilot Knob Road, Suite 325, Mendota Heights, MN 55120 within ten (10) days of the date on which it is served with a copy of this Order.

4. There being no just reason for delay, the Court orders entry of judgment on the foregoing injunction pursuant to Fed. R. Civ. P. 54(b).

5. The Court further DECLARES that Defendants are liable to the Plaintiffs for:

a. Delinquent contributions and liquidated damages discovered to be due and owing pursuant to the audit; and

b. The Plaintiffs' audit fees and reasonable attorneys' fees and costs incurred in pursuing delinquent contributions.

6. The Court will determine the total amount of contributions, liquidated damages, and attorneys' fees and costs as follows:

a. After receiving the required records and completing the audit, the Plaintiffs may file and serve a Motion for Entry of a Money Judgment in the amount the Plaintiffs determine that the Defendants owe for delinquent contributions and liquidated damages for the period of May 2009 through the present, as well as for audit fees, and reasonable attorneys' fees and costs.

b. The Defendants may then file and serve a response to the Plaintiffs' Motion within ten (10) days of the date the Plaintiffs' Motion is served.

c. The Court will examine the parties' submissions and issue an order for judgment as the Court deems appropriate. No hearing will be held unless the Court orders otherwise.

**LET JUDGMENT BE ENTERED ACCORDINGLY**


Dated: December 17, 2010             s/ Michael J. Davis
                                                              The Honorable Michael J. Davis
                                                              Chief United States District Court Judge

458852.DOCX